**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JORGE GUDINO, | No. 24-4645 |
| Petitioner - Appellant, | D.C. No. 2:21-cv-03387-MCS-MAR |
| v. | MEMORANDUM* |
| JASON SCHULTZ, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted December 2, 2025**
Pasadena, California

Before: GOULD, BADE, and LEE, Circuit Judges.

Petitioner Jorge Gudino appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under §§ 1291 and 2253, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo a district court's denial of a petition for habeas corpus. *Hoyos v. Davis*, 51 F.4th 297, 305 (9th Cir. 2022). Our review is constrained by the deferential standards established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) as to "any claim that was adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). The California Court of Appeal's decision on direct review is the relevant state-court decision for purposes of our review because the California Supreme Court summarily affirmed that decision. *See Murray v. Schriro*, 882 F.3d 778, 801 (9th Cir. 2018) (explaining that federal courts on habeas review, look to the "'last reasoned decision' from the state court").

Gudino argues the prosecution's use of a peremptory challenge to strike Juror 57 violated his Fourteenth Amendment rights under *Batson v. Kentucky*, 476 U.S. 79 (1986). *See United States v. Mikhel*, 889 F.3d 1003, 1028 (9th Cir. 2018) (setting forth the three-step process for considering a *Batson* challenge). He argues that the prosecution's stated racially neutral reasons were insufficient and the state court's denial of his *Batson* claim is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2). He challenges the prosecution's concerns about Juror 57's tardiness, lack of maturity and sophistication, and apparent disinterest in the proceedings. Gudino, however, has not shown that the state court's determination that he had not demonstrated purposeful discrimination was based

2                                                                          24-4645

on an unreasonable determination of facts.  Juror 57's tardiness and lack of interest in the proceedings were sufficient to support the state court's factual determination that Juror 57 was struck for race-neutral reasons.  *See Mikhel*, 889 F.3d at 1028 (explaining that, at *Batson*'s third step, the defendant must show purposeful discrimination); *see also Mitleider v. Hall*, 391 F.3d 1039, 1049 (9th Cir. 2004) (concluding that, unless the defendant establishes pretext, tardiness was sign of immaturity and is a legitimate reason for challenging a juror); *United States v. You*, 382 F.3d 958, 968 (9th Cir. 2004) (concluding that "lack[ing] sufficient age and maturity level," and lack of "appropriate intellect or sophistication" were "valid and non-discriminatory" reasons for exercising peremptory challenges).

**AFFIRMED.**